| | |
|---|---|
| 1 | HEINZ BINDER, #87908 |
| | DAVID B. RAO, #103147 |
| 2 | Binder & Malter, LLP |
| | 2775 Park Avenue |
| 3 | Santa Clara, CA 95050 |
| | Telephone: (408)295-1700 |
| 4 | Facsimile: (408) 295-1531 |
| | Email: heinz@bindermalter.com |
| 5 | Email: david@bindermalter.com |
| 6 | Attorneys for Defendant Daniel J. Shaw |

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| In re: | Case No.: 15-50656 SLJ |
| DANIEL J. SHAW and AMBER SHAW, | Chapter 7 |
| Debtors. | |
| TODD SMITH, | Adv. Pro. No. 15-05167 SLJ |
| Plaintiff, | |
| vs. | Hearing: |
| | Date: July 19, 2016 |
| DANIEL JOSEPH SHAW, | Time: 1:30 p.m. |
| | Courtroom: 3099 |
| Defendant. | |

**MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED OR, ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT**
**(F.R.C.P.12(b)(6); 12(e))**

**TABLE OF CONTENTS**

I. STATEMENT OF FACTS ............................................................................... 1

II. ARGUMENT ................................................................................................ 2

    A. The Amended Complaint and the objection-to-discharge claim in the Original Complaint fail to contain sufficient factual allegations to state a claim to relief that is plausible on its face and therefore must be dismissed.........................................................................................

        1. The Amended Complaint ............................................................. 4

        2. The Objection-to-Discharge Claim in the Original Complaint .............. 8

    B. The Amended Complaint and the objection-to-discharge claim in the Original Complaint are unintelligible and so vague and ambiguous as to prevent Defendant from reasonably framing a response. Therefore, if the Court decides in its wisdom to deny Defendant's motion to dismiss all claims for relief asserted by Plaintiff, a more definite statement is necessary before Defendant can file an answer. ........................................................................ 10

III. CONCLUSION ........................................................................................ 11

# TABLE OF AUTHORITIES

**Cases**

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)............................................ 2, 9,10

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009)................................................... 2

*Wideman v. Bank of America, N.A,* 2012 U.S. Dist. LEXIS 96198 [8], 2012 WL 2872850 (E.D. Cal. July 11, 2012) ............................................... 2

*Adams v. City of Indianapolis,* 724 F.3d 720 (7th Cir. 2014).............................. 3

*Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116 (9th Cir. 2008) ................ 3

*Student Loan Mktg. Ass'n v. Hanes*, 181 F.R.D. 629 (S.D. Cal. 1998) ................ 3

*Spencer v. DHL Mortg. Co.,* 642 F.Supp. 2d 1153 (E.D. Cal. 2009) .................... 3

*Cooper v. Pickett*, 137 F.3d 616 (9th Cir. 1997)................................................... 3,7

*Vess v Ciba-Geigy Corp. USA,* 317 F.3d 1097 (9th Cir. 2003) ............................ 4

*Husky Int'l Electronics, Inc. v. Ritz*, 136 S.CT. 1581, 2016 U.S. LEXIS 3048 [8] (May 16, 2016) ................................................................................................ 7

*Bullock v. Bankchampaign, N.A.*, 133 S.Ct. 1754, ___ U.S. ___ (2013) ............ 7

*In re Khaligh,* 338 B.R. 817 (9th Cir. B.A.P. 2006) ............................................. 8

**Statues & Rules**

11 U.S.C. §523(a)(2)(A) ....................................................................... 1, 4,5,6, 7, 11

11 U.S.C.§523(a)(6) ............................................................................. 1,4,5,6, 8, 11

11 U.S.C.§727(a)(3) ............................................................................. 1,2, 8, 11

11 U.S.C.§523(a)(4) ............................................................................. 1, 4, 5, 6, 7

Fed.R.Civ. P. 8(a) ................................................................................. 2, 3, 10

Fed.R.Civ. P. 9(b) ................................................................................. 3, 10

Fed.R.Civ.P. 7012(b) ........................................................................... 1

Fed.R.Civ.P. 7041................................................................................ 1

Fed.R.Civ.P. 12(b)(6) ........................................................................... 1, 2

Fed.R.Civ.P. 12(e) ................................................................................ 1, 10

**Treatises**

2 Collier on Bankruptcy (Alan B. Resnick & Henry J. Sommer eds., 16th ed.) ......... 1, 9

TO: THE HONORABLE STEPHEN L. JOHNSON

Defendant Daniel Joseph Shaw hereby moves the Court for an order dismissing, or alternatively for a more definite statement concerning (a) the second amended complaint (the "Amended Complaint") filed by Plaintiff Todd Smith on May 26, 2016 (docket #9) and (b) the objection-to-discharge claim contained in Plaintiff's original complaint filed on June 1, 2015 (docket #1) (the "Original Complaint"), which Plaintiff dropped from the Amended Complaint without order of the Court as required by Fed.R.Bankr.P. 7041 and which therefore remains pending.

This motion is brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to this proceeding pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, on the grounds the Amended Complaint and the objection-to-discharge claim in the Original Complaint fail to contain sufficient factual allegations to state a claim to relief that is plausible on its face. In addition, this motion is brought under Rule 12(e) on the grounds the Amended Complaint and the objection-to-discharge claim in the Original Complaint are unintelligible and so vague and ambiguous as to prevent Defendant from reasonably framing a response.

## I. STATEMENT OF FACTS

1. On February 27, 2015, Defendant filed a Voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Code, thereby commencing the above-captioned bankruptcy case.

2. On June 1, 2015, Plaintiff filed a complaint objecting to dischargeability pursuant to Bankruptcy Code §§523(a)(4) and 523(a)(6) and objecting to Defendant's discharge pursuant to Bankruptcy Code §727(a)(3) (docket #1) (the "Original Complaint"), thereby commencing this adversary proceeding. The Original Complaint did not include a claim for relief under Bankruptcy Code §523(a)(2)(A).

3. On September 28, 2015, Plaintiff filed a First Amended Complaint (docket #2). But for the fact the First Amended Complaint dropped the claim for denial of discharge, it was substantially identical to the Original Complaint, re-alleging the

previous claims for relief under §§523(a)(4) and 523(a)(6).

4. As stated in this Court's order dated March 14, 2016 in adversary proceeding no. 15-5060 entitled Order (1) Approving Joint Stipulation Re: Severing of Adversary Proceeding and (2) Denying Oral Motion for Entry of Discharge, Plaintiff failed to properly dismiss his objection-to-discharge claim under §727(a)(3). Therefore, Plaintiff's claim against Defendant for denial of discharge remains pending.

5. On May 26, 2016, Plaintiff filed a statement in this adversary proceeding (docket #9). During the status conference herein on May 26, 2016, the Court stated that it will treat that document as an amended complaint. Hence, docket #9 represents the second amended complaint that Plaintiff has filed. For purposes of this motion, Plaintiff's second amended complaint (docket #9) shall be referred to as the "Amended Complaint".

## II. ARGUMENT

A. The Amended Complaint and the objection-to-discharge claim in the Original Complaint fail to contain sufficient factual allegations to state a claim to relief that is plausible on its face and therefore must be dismissed.

Pursuant to Fed.R.Civ.P. 12(b)(6), a claim for relief must be dismissed if it fails "to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's complaint must make a "showing, rather than a blanket assertion, of entitlement to relief". *Id.* at 556 n. 3. A plaintiff's obligation is "to provide the grounds of his entitlement to relief", and that obligation requires factual allegations that are "enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under

a cognizable legal theory." *Wideman v. Bank of America, N.A.,* 2012 U.S. Dist. LEXIS 96198 [8], 2012 WL 2872850 (E.D. Cal. July 11, 2012).

"Factual allegations are accepted as true at the pleading stage, but allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (internal quotes omitted). A complaint "must at least allege sufficient facts for the court to determine whether some recognized legal theory exists on which relief can be awarded. If it fails to do so, a motion under Rule 12(b)(6) will be granted." 2 Collier on Bankruptcy ¶12-84.1 (Alan N. Resnick & Henry J. Sommer eds, 16th ed.). At the motion to dismiss stage, a plaintiff "need not support his allegations with evidence, but his complaint must allege sufficient facts to state the elements" of his claim. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1122 (9th Cir. 2008). Dismissal under Rule 12(b)(6) is proper if the complaint lacks an allegation regarding an element necessary to obtain relief. In other words, a "[c]ourt will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently *all required elements of a cause of action.*" *Student Loan Mktg. Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998) (emphasis added); *Spencer v. DHI Mortg. Co.*, 642 F.Supp. 2d 1153, 1160 (E.D. Cal. 2009).

"Conclusory allegations or legal conclusions are not entitled to the assumption of truth. A court considering a motion to dismiss can disregard these conclusory allegations and judge the complaint only on well pleaded factual allegations, accepted as true." 2 Collier on Bankruptcy, *supra*, at ¶12-85.

Whereas Fed.R.Civ.P. 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing the pleader is entitled to relief", Rule 9(b) "requires that circumstances constituting fraud be stated with particularity. In a fraud claim, the pleader is required to specify the time, place, and content of any alleged false representation, the fact misrepresented, the identity of the perpetrator, and what was obtained or given up as a consequence of the fraud." *Id.* at ¶12-88. "Fraud allegations must be accompanied by the who, what, when, where, and how of the misconduct charged." *Cooper v. Pickett*, 137

F.3d 616, 627 (9th Cir. 1997). A court may dismiss a claim grounded in fraud when its allegations fail to satisfy Fed.R.Civ.P. 9(b)'s heightened pleading requirement. *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1107 (9th Cir. 2003).

As shown below, Plaintiff's Amended Complaint and the objection-to-discharge claim in the Original Complaint fail to contain sufficient factual allegations to state a claim to relief that is plausible on its face.

1. The Amended Complaint.

Although the Amended Complaint neither states the legal grounds upon which Plaintiff seeks relief, nor does it state the relief that Plaintiff is requesting, for purposes of this motion Defendant assumes Plaintiff is seeking a judgment of nondischargeability pursuant to 11 U.S.C. §523(a)(2)(A), (4), and (6).

At pages 1-2 of the Amended Complaint, Plaintiff refers to four investments he made with Defendant's company, Cupertino Capital. Plaintiff identifies those investments by the numbers 1260, 1498, 1507, and 1669. But whereas Plaintiff alleges the amounts he is currently owed on each investment and states he lost money on the investments, Plaintiff fails to allege any facts regarding the manner in which the four investments came to be made, the amounts he invested, the amount of his losses on any of the four investments, the time frame when he made the investments, or any facts whatsoever regarding Defendant's involvement in the origination or servicing of the investments.

(a) Investment number 1260: Nowhere in Plaintiff's description of investment number 1260 does he refer to Defendant. Consequently, Plaintiff fails to allege any facts showing that Defendant (i) acted with intent to defraud or committed any wrongful act, (ii) knowingly made any misrepresentations on which he intended Plaintiff to rely, (iii) owed Plaintiff a fiduciary duty which Defendant breached by intentionally causing Plaintiff harm, or (iv) acted willfully and maliciously to harm Plaintiff. Plaintiff does allege the loan was supposed to pay a "guaranteed interest rate of 12% and last 3 years." But Plaintiff does not state the circumstances regarding how he came to believe the loan was to last three years and pay a guaranteed rate of interest. Moreover, that "understanding" is nullified by

the written statement on the bottom of each of the four exhibits that Plaintiff attached to the Amended Complaint, which expressly states that "Cupertino Capital cannot legally guarantee the above loan." Lastly, Plaintiff alleges the collateral for the loan "was not in the stated location". But Plaintiff does not allege that he suffered damages as a result of the collateral being located other than where it was supposed to be. Since a claim is subject to dismissal if it fails to plead sufficiently all the required elements of a cause of action, and since allegations of fraud must be pleaded with particularity, Plaintiff's description of investment number 1260 fails to allege facts sufficient to support a claim for nondischargeability under 11 U.S.C. §523(a)(2)(A), (4), or (6) regarding this investment.

(b) <u>Investment number 1498</u>: Plaintiff alleges that (i) this investment lost money, (ii) Defendant "without the investors knowledge or permission took all of the proceeds and bought other properties and did not even have the investors on the acquisitions", and (iii) Plaintiff was "never provided the account number or original documents showing where all the funds have been used." But Plaintiff fails to allege any facts showing that Defendant (i) acted with intent to defraud, (ii) knowingly made any misrepresentations on which Defendant intended Plaintiff to rely, (iii) owed Plaintiff a fiduciary duty which Defendant breached by intentionally causing Plaintiff harm, or (iv) acted willfully and maliciously to harm Plaintiff. Absent an allegation that Defendant acted with intent to harm Plaintiff, the conduct of which Plaintiff complains is nothing more than negligence. Since a claim is subject to dismissal if it fails to plead sufficiently all the required elements of a cause of action, and since allegations of fraud must be pleaded with particularity, Plaintiff's description of investment number 1498 fails to allege facts sufficient to support a claim for nondischargeability under 11 U.S.C. §523(a)(2)(A), (4), or (6) regarding this investment.

(c) <u>Investment number 1507</u>: Plaintiff alleges only that Defendant has "suddenly come up with a buyer" for Plaintiff's investment in the property and that Plaintiff will receive a payoff that will return most of his principal investment. But Plaintiff alleges no other facts regarding this investment. Plaintiff does not allege any facts showing that Defendant (i) acted with intent to defraud, (ii) knowingly made any misrepresentations on which

Defendant intended Plaintiff to rely, (iii) owed Plaintiff a fiduciary duty which Defendant breached by intentionally causing Plaintiff harm, or (iv) acted willfully and maliciously to harm Plaintiff. As with the two investments described above, Plaintiff's description of investment number 1507 fails to allege facts sufficient to support a claim for nondischargeability under 11 U.S.C. §523(a)(2)(A), (4), or (6) regarding this investment.

(d) <u>Investment number 1669</u>: Plaintiff alleges only that he received a "partial principal payment several years ago" and "the property was supposed to have been cross collateralized." Plaintiff's description of investment number 1669 does not specifically refer to Defendant whatsoever, nor does Plaintiff allege any facts showing that Defendant (i) acted with intent to defraud, (ii) knowingly made any misrepresentations on which Defendant intended Plaintiff to rely, (iii) owed Plaintiff a fiduciary duty which Defendant breached by intentionally causing Plaintiff harm, or (iv) acted willfully and maliciously to harm Plaintiff. As with the three investments described above, Plaintiff's description of investment number 1669 fails to allege facts sufficient to support a claim for nondischargeability under 11 U.S.C. §523(a)(2)(A), (4), or (6) regarding this investment.

Plaintiff alleges on page 2 of the Amended Complaint that he invested in a "Ponzi scheme". Although well pleaded factual allegations in a complaint are to be accepted as true for purposes of a Rule 12(b)(6) motion, conclusory allegations or legal conclusions are not entitled to the assumption of truth." 2 Collier on Bankruptcy, *supra*, at ¶12-85. Plaintiff's allegation that he invested in a Ponzi scheme is a legal conclusion or conclusory allegation, and, therefore is not to be accepted as true for purposes of this Rule 12(b)(6) motion. Similarly, Plaintiff's allegation on page 3 that Defendant operated a "criminal enterprise" is a conclusory allegation or legal conclusion and therefore is not to be accepted as true for purposes of this motion.

In summary:

To the extent Plaintiff intends to allege nondischargeability due to fraud under 11 U.S.C. §523(a)(2)(A), Plaintiff fails to allege that Defendant acted with an intent to defraud or harm him, and Plaintiff fails to allege any false representations that Defendant made

to him, or any omissions of material facts, regarding any of the four investments, and Plaintiff further fails to allege that he relied on such representations or omissions. To the extent Plaintiff seeks to allege actual fraud by Defendant, Plaintiff has alleged no facts showing moral turpitude, intentional wrong, bad faith, immorality, intent to harm, or intent to cheat or deceive on the part of Defendant. *See, Husky Int'l Electronics, Inc. v. Ritz*, 136 S.Ct. 1581, 2016 U.S. LEXIS 3048 [8] (May 16, 2016) (describing the three types of fraud under §523(a)(2)(A)). "Circumstances constituting fraud must be alleged with particularity. In a fraud claim, the pleader is required to specify the time, place, and content of any alleged false representation, the fact misrepresented, the identity of the perpetrator, and what was obtained or given up as a consequence of the fraud." 2 Collier on Bankruptcy, *supra*, at ¶12-88. "Fraud allegations must be accompanied by the who, what, when, where, and how of the misconduct charged." *Cooper v. Pickett*, 137 F.3d at 627. For these reasons, the Amended Complaint fails to contain sufficient factual allegations to state a claim for relief under §523(a)(2)(A) that is plausible on its face and therefore must be dismissed.

To the extent Plaintiff seeks a judgment of nondischargeability under 11 U.S.C. §523(a)(4) for fraud or defalcation while acting in a fiduciary capacity, the Amended Complaint fails to allege that a fiduciary relationship existed between Plaintiff and Defendant before the alleged wrongful conduct occurred, and the Amended Complaint also fails to allege either that (i) Defendant acted in bad faith or with moral turpitude or other immoral conduct, or that (ii) Defendant consciously disregarded (or was willfully blind to) a substantial and unjustifiable risk that his conduct will turn out to violate his fiduciary duty to Plaintiff. *Bullock v. Bankchampaign, N.A.*, 133 S.Ct. 1754, 1759, ___ U.S. ___ (2013) (describing the types of wrongful conduct that comprise "fraud or defalcation" in §523(a)(4). As is the case regarding allegations of fraud under §523(a)(2)(A), circumstances constituting fraud under §523(a)(4) must be alleged with particularity. Such allegations are absent from the Amended Complaint. For these reasons, the Amended Complaint fails to contain sufficient factual allegations to state a claim for relief under §523(a)(4) that is

plausible on its face and therefore it must be dismissed.

To the extent Plaintiff seeks a judgment of nondischargeability under 11 U.S.C. §523(a)(6) for willful and malicious conduct, the Amended Complaint fails to allege that Defendant either (i) had a subjective interest to cause harm to Plaintiff or (ii) had knowledge that harm was substantially certain to occur, and that Defendant's actions were wrongful, were done intentionally, necessarily caused injury, and were without just cause or excuse. *In re Khaligh*, 338 B.R. 817, 831 (9th Cir. B.A.P. 2006) (describing what a plaintiff must show in order to prove willful and malicious conduct). Such allegations are absent from the Amended Complaint. For these reasons, the Amended Complaint fails to contain sufficient factual allegations to state a claim for relief under §523(a)(6) that is plausible on its face and therefore it must be dismissed.

2. <u>The Objection-to-Discharge Claim in the Original Complaint</u>.

When Plaintiff filed his first and second amended complaints, he dropped the objection to discharge claim under Bankruptcy Code §727(a)(3) that he had alleged in the Original Complaint. But by order of this Court on March 14, 2016 in adversary proceeding no. 15-5060 entitled Order (1) Approving Joint Stipulation Re: Severing of Adversary Proceeding and (2) Denying Oral Motion for Entry of Discharge, Plaintiff failed to properly dismiss his objection-to-discharge claim. Therefore, Plaintiff's claim against Defendant for denial of discharge remains pending. And it is this objection to discharge that prevents the Clerk of the Court from entering Defendant's discharge in his bankruptcy case.

Bankruptcy Code §727(a)(3), states the court shall grant a discharge unless "the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information . . . from which the debtor's financial condition or business transactions might be ascertained. . . ." Five paragraphs in the Original Complaint refer to and make allegations that are relevant to §727(a)(3). Those are paragraphs 28 and 46 through 49.

Paragraph 28 alleges that Defendant failed and refused to provide documents

requested by a third party, Jeffrey Garcia, concerning Mr. Garcia's participation in Investment Pools and Hard Money Loans.  Paragraph 28 refers only to an unspecified request for documents by Mr. Garcia.  This paragraph neither refers to Plaintiff, nor alleges that Mr. Garcia and Plaintiff were involved in the same investments, nor alleges any facts concerning the nature or timing of Mr. Garcia's request for documents or Defendant's alleged failure to provide them to Mr. Garcia.  Hence, paragraph 28 fails to contain sufficient factual allegations which, if accepted as true, would state a claim for denial of discharge by Plaintiff that is plausible on its face. *Twombly*, 550 U.S. at 570.

Paragraphs 46, 47, and 48 merely recite the relevant statute, or parts of the statute, but allege no facts to support an allegation that Defendant concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information from which Defendant's financial condition or business transactions with Plaintiff might be ascertained. "Allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." *Adams v. City of Indianapolis*, 742 F.3d at 728.  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  A complaint "must at least allege sufficient facts for the court to determine whether some recognized legal theory exists on which relief can be awarded.  If it fails to do so, a motion under Rule 12(b)(6) will be granted." 2 Collier on Bankruptcy, *supra,* at ¶12-84.1. "Conclusory allegations or legal conclusions are not entitled to the assumption of truth.  A court considering a motion to dismiss can disregard these conclusory allegations and judge the complaint only on well pleaded factual allegations, accepted as true." 2 Collier on Bankruptcy, *supra*, at ¶12-85.

Lastly, paragraph 49 alleges only that Defendant's intentional concealment, destruction, and/or falsification of documents--documents requested not by Plaintiff but by a third party pertaining to Plaintiff's business transactions, not with Plaintiff but with a third party– is not justified.  Again, Plaintiff describes no facts concerning any concealment, destruction, or falsification of documents, and this conclusory allegation, without

supporting facts, cannot be accepted as true. As the Supreme Court stated in *Twombly*, 550 U.S. at 556 n. 3, a plaintiff's complaint must make a "showing, rather than a blanket assertion, of entitlement to relief".

For the reasons shown above, Planitiff's objection-to-discharge claim in the Original Complaint fails to contain sufficient factual allegations to state a claim for relief under §727(a)(3) that is plausible on its face and therefore it must be dismissed.

B. <u>The Amended Complaint and the objection-to-discharge claim in the Original Complaint are unintelligible and so vague and ambiguous as to prevent Defendant from reasonably framing a response. Therefore, if the Court decides in its wisdom to deny Defendant's motion to dismiss all claims for relief asserted by Plaintiff, a more definite statement is necessary before Defendant can file an answer</u>.

Rule 12(e) of the Federal Rules of Civil Procedure states that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A complaint must contain a short and plain statement of the claim showing the plaintiff is entitled to relief and a demand for the relief sought, except that a pleading alleging fraud must set forth the circumstances constituting fraud with particularity. Fed.R.Civ.P. 8(a)(2), (3) and 9(b). If a "defendant desires clarification of the legal grounds for the claims asserted before filing an answer, it should move for a more definite statement of the claims under Rule 12(e)." 2 Collier on Bankruptcy, *supra*, at §12.34[1][b].

In the present case, the Amended Complaint fails to state the legal grounds for the claims asserted. It also fails to state a demand for relief. In addition, the "allegations" in the Amended Complaint are so vague, ambiguous, and lacking in specificity as to make it impossible to admit or deny Plaintiff's statements. It is not a "short and plain statement of Plaintiff's claim as required by Fed.R.Civ.P. 8(a)(2). In fact, it can hardly be called a claim since it lacks any specificity. If Plaintiff is trying to allege fraud, he must do so with particularity by specifying the time, place, and content of any alleged false representation, the fact that was misrepresented, the identity of the perpetrator, and what was obtained

or given up as a consequence of the fraud." *Id.* at ¶12-88.

Similarly, the objection-to-discharge claim in the Original Complaint is totally lacking of any factual allegations pertaining to Plaintiff or to Plaintiff's business transactions with Defendant, and it does little more than repeat the wording of 11 U.S.C. §727(a)(3). In order to satisfy the pleading requirements of the Federal Rules, Plaintiff must file an amended complaint that includes the facts upon which Plaintiff relies in objecting to Defendant's discharge.

### III. CONCLUSION

The Amended Complaint and the objection-to-discharge claim in the Oriiginal Complaint (i) fail to contain sufficient factual allegations to state a claim to relief that is plausible on its face, and (ii) are unintelligible and so vague and ambiguous as to prevent Defendant from reasonably framing a response. Therefore, Defendant prays that the Court dismiss any and all claims that Plaintiff has asserted against him under 11 U.S.C. §523(a)(2)(A), (4) or (6) and §727(a)(3). In addition, if this Court does not dismiss Plaintiff's claims, Defendant prays for an order requiring Plaintiff to file a further amended complaint that (i) states the legal grounds upon which he objects to dischargeability of his claims, (ii) alleges facts sufficient to create a plausible claim for relief for both nondischargeability of his claims and for denial of Defendant's discharge, (iii) alleges fraud with particularity, and (iv) contains a demand for the relief sought

Dated: June 21, 2016　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　BINDER & MALTER, LLP


　　　　　　　　　　　　　　　　　　　　By:  /s/ David B. Rao
　　　　　　　　　　　　　　　　　　　　　　David B. Rao, Attorneys for Defendant,
　　　　　　　　　　　　　　　　　　　　　　Daniel J. Shaw

Shaw/plead/APToddSmithvShaw/Dismiss.Complaint.Motion